## TULSA RED BALL TRANSFER CO. v. WHITTAKER.

No. 26292. Feb. 11, 1936.

A. Nicodemus, for plaintiff in error.

George E. Croom, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the court of common pleas of Tulsa county, Okla. The parties will be referred to as they appeared in the lower court.

Plaintiff, Bertha Whittaker, brought suit against the Tulsa Red Ball Transfer Company, before a justice of the peace of Tulsa county, to recover damages caused by the negligence and carelessness of the defendant in the handling of a certain box of household articles and clothing. which plaintiff alleges was stored with the defendant as a bailee for hire. After judgment before the justice of the peace, appeal was lodged in the common pleas court of Tulsa county, where trial de novo was had. The amended bill of particulars upon which the case was tried is as follows:

"Comes now the plaintiff and for cause of action against the defendant, alleges and states:

"That the defendant owns and operates a public warehouse in the city of Tulsa, Oklahoma, in which it conducts a warehouse and transfer business.

"That on the 29th of November, 1929, the plaintiff delivered to the defendant a large box containing articles which will be more specifically set out hereinafter. Defendant agreed to store in its warehouse, in consideration of the payment by the plaintiff to the defendant the sum of one dollar ($1) per month, which payment was made each month thereafter.

"That the defendant handled and treated said box so carelessly and negligently that the contents of said box were totally destroyed. That the defendant permitted water or some deleterious substance to be thrown upon said box and the contents thereof, and the substance, the exact nature of which the plaintiff is not aware, destroyed the contents of said box. That said acts on the part of the plaintiff were grossly careless and negligent, and by so doing the plaintiff was damaged. That the contents of said box and the damage done by the total destruction of them is set out as follows:

| | | | | |
|---|---|---|---|---|
| 3 | bed spreads, counterpanes, | value | $ 5.00 | $15.00 |
| 8 | hand made quilts | | 10.00 | 80.00 |
| 4 | quilt tops, hand made | | 8.00 | 32.00 |
| 4 | plaid blankets | | 5.00 | 20.00 |
| 1 | Navajo blanket | | 12.00 | 12.00 |
| 1 | pair pillows | | 10.00 | 10.00 |
| 3 | geese feather pillows | | 2.00 | 10.00 |
| 2 | rugs | each | 8.00 | 16.00 |
| 4 | sheets | each | 1.00 | 4.00 |
| 2 | pair pillow cases | pair | 5.00 | 10.00 |
| 3 | window shades | each | 1.50 | 7.50 |
| 1 | man's overcoat | | 10.00 | 10.00 |
| 1 | woman's coat | | 39.75 | 39.75 |
| 1 | set smoothing irons | | 2.00 | 2.00 |
| 3 | pr draperies & lace curtains. | pair | 4.00 | 12.00 |
| 1 | album | | 10.00 | 10.00 |
| 2 | large dolls | | 5.00 | 10.00 |
| 1 | large slop jar, crock | | .75 | .75 |
| Pictures of several kinds, cooking utensils of all kinds, silverware | | | | |

$321.00

"That the acts of the defendant were grossly negligent, malicious and in wanton disregard of the plaintiff's rights and property. And that because of such malicious careless and negligent acts and treatment and lack of care on behalf of the defendant toward the property of the plaintiff herein, plaintiff is entitled to recover punitive damages.

"Wherefore, premises considered plaintiff prays that she be allowed the sum of twenty-five dollars ($25) actual damages and one hundred seventy-five dollars ($175) punitive damages.

"Wherefore, premises considered, plaintiff prays that she have judgment against the defendant in the sum of two hundred dollars ($200) and for the costs of this action."

The case was tried to a jury, who returned a verdict for the plaintiff in the sum of $165. Motion for new trial was duly made and overruled, and the defendant brings this appeal.

At the trial of the case plaintiff testified that the goods were delivered to the defendant on September 25, 1929, at which time she paid defendant the sum of $6 for two months' storage, and exhibited a receipt signed by the defendant therefor. Plaintiff testified the goods were in A-1 condition when they were packed in the box, and that at the time of the delivery of the goods to the defendant, defendant was using as a warehouse an old barn of some kind, or an old garage made of sheet-iron and boards. Plaintiff alleged in her amended bill of particulars that the delivery to the defendant of the box was made on the 29th day of November, 1929, but in her

testimony stated that this date was an error, and that the correct date of delivery was September 25, 1929, upon which testimony the record discloses the following:

"Mr. Croom: We ask permission of court to amend amended petition to conform to the proof, the testimony before the court. The Court: Permission granted."

Plaintiff testified genera'ly as to the condition of the goods stored in the box when the box was opened after delivery to her. Various articles which plaintiff testified were taken from the box were exhibited to the jury and offered in evidence, apparently for the purpose of showing their damaged condition. The record does not disclose the character of the damage to the various articles which were produced and exhibited to the jury. There is testimony as to the value of the various articles at the time they were placed in storage. Plaintiff's mother, to whom the box was delivered after it was taken out of storage, something over two years after it had been delivered to the defendant, testified that when the box was opened the goods had "just decayed away, mighty near decayed away." and that there was nothing in the box that could be used. She further testified that there was a bad odor in the box, and that the goods in the box in her opinion had been wet. She also testified that when the box was moved from the warehouse of defendant to the home of plaintiff's mother, it was not permitted to become wet during the transportation, nor after the box was placed in her home. That the box was not opened for some four or five months after it was taken out of storage, and that when it was opened the goods were found in the condition stated.

The defendant offered testimony to show that the storage building of the defendant was made of brick, cast iron and cement, with a cement roof with asphalt over it, and the box kept in a dry place; that the building did not leak, nor did the box become exposed to rain or moisture while in this warehouse. Evidence was offered that the new warehouse of the defendant was not completed until the month of November, 1929, and that for two years prior to the opening of the new warehouse the defendant had not accepted goods for storage. It appeared from the evidence that along with the box of goods in question the plaintiff had also stored some household furniture, which was sold in November, 1929; and evidence was offered that when this furniture was delivered to the purchaser it gave evidence of having been wet. It was plaintiff's contention and evidence that the goods and furniture had been stored with defendant for about two months in the old warehouse of the defendants prior to the occupancy of the new warehouse, and that she received the goods from a different warehouse from the one to which she delivered them.

The errors assigned are that the verdict is not sustained by the evidence and is contrary to law; error in the admission of incompetent evidence; and that the court erred in giving certain instructions to the jury, and in overruling the motion for new trial.

While the record is not very clear as to the cause and extent of the damage, we are of the opinion there was sufficient evidence to justify the submission of this question to the jury, and sufficient evidence to support a verdict for actual damages in the amount sued for by plaintiff, to wit, the sum of $25.

A considerable portion of the record and of the briefs of counsel for both parties is devoted to the question of whether or not a written contract made by plaintiff's husband with the defendant on November 23, 1929, was binding upon the plaintiff. That contract covered one Victrola, one rug, and one large box, evidently the box described in the amended bill of particulars, and contained a provision as follows:

"It is mutually agreed that the value of any box, trunk or parcel or package shall not exceed twenty-five dollars ($25.) in value unless different written agreement is made and relative storage charges are assessed."

It is argued by defendant that the court improperly instructed the jury with reference to said contract, and upon the question of whether or not the plaintiff was bound by the provision of the contract executed by her husband.

In the view we take of the matter, this question is immaterial. The only controversy concerning the legal effect of the contract was as to whether or not it would limit the liability of the defendant to the sum of $25 actual damages. In our judgment the plaintiff herself had limited the amount of her recovery in this case for actual damages to the sum of $25 by her declaration in her amended bill of particulars. Plaintiff, in her bill of particulars, had set out a total destruction of goods which she itemized and valued at the sum of $321. The case originated before a justice of the peace, and therefore plaintiff, in order to come within the jurisdiction of the justice of the peace, had

to reduce her claim for damages to an amount within that jurisdiction. She elected to pray for $25 actual damages, due to the alleged destruction of her property. She then sought to recover in addition to that $25 the sum of $175 for punitive or exemplary damages.

Plaintiff offered no evidence to support punitive damages and was clearly limited by her pleading to the sum of $25 actual damages. No contention is made by plaintiff's counsel in his brief that she was entitled to punitive damages. But counsel says that the damages allowed by the jury were actual damages pursuant to the instruction of the court, leaving to the jury the question of actual damages not exceeding the amount of $200. Then plaintiff's counsel states in the brief:

"The plaintiff proved actual damage to the extent of $312, and asked for and obtained permission to amend her bill of particulars to conform to proof. (C.-M. 24.) This being done, the court instructed the jury that it might find for the plaintiff whatever amount of damage she had sustained, not to exceed $200. It could not recover more than $200 for the reason that the court did not have jurisdiction in cases originating in the justice of the peace court, where the limit of jurisdiction is $200."

The record (C.-M. 24) referred to by counsel in the brief is as follows:

"Q. Mrs. Whittaker, when you delivered these to the defendant, I understand that you allege here in your petition, it was November, 1929, is that correct? A. No, sir. Q. What is the correct date? A. September 25, 1929. Mr. Croom: We ask permission of court to amend the amended petition to conform to the proof, the testimony before the court. The Court: Permission is granted."

The record does not disclose any other application to amend the bill of particulars, and the foregoing amendment pertains only to the correction of the date of the alleged delivery of the goods to the defendant. Certainly this record is insufficient to show a dismissal by plaintiff of her cause of action for punitive damages and an amendment to ask for actual damages in the sum of $200.

Plaintiff's testimony up to that time had been with reference to the delivery of the box of goods to the defendant and the introduction of a receipt dated September 25, 1929, for $6 for two months' storage; and the testimony as to the condition of the contents of the box when the same were placed in the box and stored; and the alleged value of the various articles as set out in detail in her amended bill of particulars, together with testimony that these articles were in good condition when stored, and the exhibition of a number of these articles to the jury to show their condition at the time of the trial.

The record does not disclose any attempt by the plaintiff at any time to amend her petition so as to eliminate her claim for punitive damages and increase her claim for actual damages.

It is true that the court did not submit the element of punitive damage to the jury. In this the court did not err because there was no evidence introduced to sustain the claim for punitive damages; and, regardless of the fact that the plaintiff had limited her claim for actual damages to $25 in her amended bill of particulars, the court submitted to the jury the question of actual damages in any sum not to exceed the sum of $200, provided that the jury found that the contract of storage was not binding on the plaintiff. It is evident that the court became confused and misled by reason of the conflict waged between counsel for plaintiff and defendant in the trial of the case. Counsel for defendant was very insistent upon getting in evidence the contract limiting the liability of the defendant to $25. Counsel for plaintiff, regardless of the fact that plaintiff had only sued for $25 actual damages, was very industrious in attempting to prevent introduction of this contract, and to challenge its binding effect upon the plaintiff. Obviously, this was all beside the question, unless or until plaintiff dismissed her claim for punitive damages and increased her claim for actual damages. Plaintiff could not increase her claim for actual damages to $200 without dismissing her claim for punitive damages, for that would have involved a claim in excess of the jurisdiction of the justice court. In the absence of any record that plaintiff attempted such an amendment or change in her cause of action, it was fundamental error for the court to leave to the jury the question of actual damages up to $200; and regardless of the failure to except to the instruction of the court, the verdict of the jury is contrary to law and cannot stand.

Under assignment of error in the admission of testimony, the defendant argues that the testimony of the witness Walter Norris, in rebuttal, that he purchased some furniture in the fall of 1929, which had been stored with the defendant by the plaintiff at the time that she stored the box of household goods in September, 1929, and that the furniture, when removed from storage, gave evidence of having been wet, was improperly

admitted and prejudicial to the rights of the defendant. The objection urged by defendant at the time this evidence was offered was that the evidence was not proper because the furniture was not in litigation in the case. And after the evidence was admitted the defendant moved the court as follows:

"Mr. Nicodemus: We ask that answer be stricken. That is no part of the furniture involved in the case here, and that is not the best evidence. The Court: I understand this furniture is the same that was in there when these boxes were there. The objection is overruled. Mr. Nicodemus: Exception."

We do not think these objections were sufficient in form to preserve the error, if any, in the admission of the testimony. It was the theory of the plaintiff and supported by her evidence, that her box of household goods had become wet and damaged while they were in the old warehouse of the defendant, after they were delivered to defendant on September 25, 1929, and before they were moved to the new warehouse of the defendant in November, 1929. The defendant did not offer any evidence as to the condition of the old warehouse, but denied that the goods of plaintiff had been stored in the old warehouse, although they admitted the new warehouse was not occupied until November, 1929, and admitted that the receipt given plaintiff September 25, 1929, was signed by their employee. Plaintiff having testified that she stored furniture with the defendant at the old warehouse at the time she stored the box of household goods, offered evidence to show that the furniture had been wet. This was perhaps evidence that should have been offered in chief, and not in rebuttal, but it was not objected to upon that ground. Nor was it objected to upon the ground that there was no evidence as to the condition of the furniture at the time it was delivered to the defendant. In the absence of these objections, we cannot say that the admission of this testimony was error sufficient to reverse this cause.

Where there is evidence sufficient to sustain a verdict for the amount claimed in plaintiff's bill of particulars, and the award of the jury is in excess of that amount, this court may affirm the judgment for the amount supported by the bill of particulars if the plaintiff remits the excess, or may reverse the case for a new trial.

In 15 R. C. L. 605, the rule is stated as follows:

"Where judgment is improperly entered for more than the amount permitted under the rule requiring conformity to the pleadings and issues, the excess may be remitted and the remainder of the judgment stand."

In 2 R. C. L. 278 it is stated:

"Where the only error in a judgment is that the amount of the recovery is excessive, and the excess may be segregated, the common practice is either to permit the appellate to file a remittitur in the appellate court and affirm the judgment as so modified, or, which amounts in effect to the same, to give him leave to file the remittitur in the trial court and direct the entry of judgment for the modified amount."

And at p. 279, it is said:

"When, in an action for unliquidated damages, such as actions of tort for injuries to the person or property, the only error consists of the fact that the verdict is excessive, a general though not universal practice has been adopted by the appellate courts in the United States of affirming the judgment upon the condition that the plaintiff enter a remittitur of the amount which the court deems excessive, without regard to the consent of the defendant."

See, also, Oklahoma Railway Co. v. Bernard, 169 Okla. 381, 37 P. (2d) 272.

The jury having found the issues in favor of plaintiff, and there being sufficient testimony to sustain a verdict for $25 actual damages, the amount sued for, if the plaintiff will within 20 days file with the clerk of this court a remittitur from said judgment in the sum of $140, the judgment will be affirmed, otherwise, the judgment of the trial court will be reversed and the cause remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys Claude Nowlin, A. M. Beets, and Fisher Ames in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Nowlin and approved by Mr. Beets and Mr. Ames, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.